PER CURIAM.
These proceedings which involve the exclusive jurisdiction of this Court over the admissions of persons to the practice of law in this State (Section 23, of amended Article V of the Florida Constitution, F.S.A.) has been heard and duly considered by the seven Justices of this Court.
The petition for review is filed on behalf of six named applicants and all others who failed to pass the examination conducted by The Florida Board of Bar Examiners in March of 1958. There is no charge in the petition of any misconduct, fraud or unfairness by the members of the Board of Bar Examiners and any such suggestion was expressly rejected and disclaimed by the petitioners at the extensive oral argument of the matter to the Court by able counsel. There is a charge in the petition that the graders, largely consisting of research assistants to the Justices of this Court, were without training or experience in the educational field and were not qualified to grade the examination papers. There is no suggestion of any misconduct, fraud or unfairness on the part of such graders and the idea that such existed was expressly disclaimed at such oral argument.
In the light of the averments of the petition, the able oral argument presented to the Court by counsel for the petitioners, one of the petitioners and the Assistant Attorney General representing the Board of Bar Examiners, together with an independent investigation by the members of this Court of all of the facts and circumstances surrounding this and previous examinations by the Board, the Court finds:
1. That the March 1958 examination was conducted in the same manner as previous examinations of the Board and the papers were graded by substantially the same graders as had been used by the Board on previous examinations.
2. That the grading of the papers was closely supervised by the individual members of the Board who were physically able to discharge said duties at said time and that all final grades were arrived at and tabulated by the Board without any knowledge whatever of the name of the individual receiving such grade.
3. The Court from personal knowledge and observation and close acquaintance with the graders finds that such graders *344 were and are eminently qualified from education, experience and training to properly grade and evaluate such examination papers.
4. Previous examinations conducted by the present Board of Bar Examiners have resulted in the following percentage of successful applicants in the respective examinations :
March 1956 examination 77.32%
July 1956 examination 75.2 %
March 1957 examination 66.83%
July 1957 examination 74.17%
March 1958 examination (the subject of this inquiry) 46.55%
5. The highest grades received by any applicant in previous examinations conducted by the present Board were as follows:
March 1956 examination 83.125%
July 1956 examination 84.791%
March 1957 examination 86.16 %'
July 1957 examination 82.36 %
March 1958 examination (the subject of this inquiry) 80.36 %
The Court has examined the 36 questions submitted at the March 1958 examination and has selected at random and examined numerous papers and grades given by the individual examiners and the Board of Bar Examiners. It is the view of the Court that the disparity between the highest grades of previous examinations and the highest grade received in the subject examination, together with the greater percentage of failures in the present examination, indicates that the extent and scope of the examination conducted in March 1958 may have been unduly difficult, particularly to new graduates of law colleges without previous legal experience; but such conclusion does not warrant the granting of the prayer of the petition. The failure to pass the subject examination is by no means any indication that all of such applicants are not qualified for admission to the Bar or will not be successful in the next examination. In view of the foregoing, the motion to dismiss the petition must be granted.
The Court, of its own motion, however, orders that all of those who failed to pass the March 1958 bar examination, including those who have failed to pass the examination three times, are hereby permitted to take the ensuing bar examination, the provisions of Section 21 of Rule II of the regulations of the Board of Bar Examiners, to the contrary notwithstanding.
Order Appointing Court Committee To Study and Report on Question Of: Methods of Determining Those Who’ Should be Admitted to Practice In Florida.
The exclusive jurisdiction over the admission of persons to the practice of law in this State now being vested in this Court and the Court being of the opinion that there should now be conducted a study, reappraisal and re-examination of the present methods of determining those who are qualified to be so admitted, a committee is hereby appointed to act for and on behalf of this Court for the purpose aforesaid and there is hereby appointed to such committee the following members: Hon. E. Harris Drew, Justice of the Supreme-Court of Florida, Chairman; Hon. Samuel' J. ICanner, chairman of the Board of Bar-Examiners ; Hon. Giles J. Patterson, chairman of the Committee on Legal Education- and Professional Responsibilities of The-Florida Bar; Dean Henry A. Fenn of the-College of Law of the University of Florida; Dean James A. Burnes of the College-of Law of the University of Miami; Dean IT. L. Sebring of the College of Law of Stetson University; Dean T. M. Jenkins, of the College of Law of Florida A. & M. University; Honorable Paul E. Raymond,, a member of The Florida Bar, and Honorable Joseph A. McClain, Jr., a member of The Florida Bar.
The committee aforesaid is hereby empowered to conduct such investigation and! *345 make such studies as it shall deem essential to properly advise this Court with reference to its duties and responsibilities under the Constitution of this State with respect to the best method of determining- those who should be admitted to the practice of law in this State, including, but not limited to, the following specific items.
1. The advisability of increasing the membership of the present Board of Bar Examiners to furnish more manpower in the examination of applicants and examination papers;
2. Whether consideration in grading papers should be given to the so-called “frequency curve” or some modification thereof, such as providing that the passing grade shall bear some relation to the highest grade received upon such examination;
3. whether consideration should be given to the standing of such applicant in law college;
4. whether, in view of the high standards now required to receive a law degree, consideration should be given to restoring the diploma privilege to the graduates of colleges accredited by the American Bar Association or the Association of American Law Schools and approved by this Court;
5. whether, in the final determination of the successful applicants, consideration should be given to a re-examination by the whole Board of Bar. Examiners of those falling within a certain percentage above and below the passing grade.
6. a complete study of the present rules of the Supreme Court relating to admission to the Bar (effective November 1, 1955) and the regulations issued thereunder and any suggested modifications or revisions thereof;
7. the advisability of and methods for reducing the period elapsing between the conclusion of the examination and the releasing of the official grades;
8.whether, in conducting an examination, any distinction in questions or grading should be made between:
a. graduates of accredited Florida law schools,
b. graduates of accredited law schools outside of Florida, and
c. others.
The committee is requested to conduct and complete its study and file its report with this Court on or before November 1, 1958.
The Clerk of this Court shall forward to each member of the committee herein named a certified copy of this Order.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.
HOBSON, ROBERTS and DREW, JJ., concur in part and dissent in part