PER CURIAM.
The committee appointed by this Court in its order dated July 11, 1958, the full text of which appears in In re Lanza, 104 So.2d 342, text 344-345, filed its report, recommendations, and supporting data with the Clerk of this Court on February 22, 1960. Thereafter, the Clerk of this Court caused public notice to be given of the filing of said report, and that all members of this Court would sit on April 4, 1960 at 10:30 a. m. to hear any member of The Florida Bar or any authorized representative of The Florida Bar or any committee thereof for or against the approval of the recommendations of said committee or on the general subject of admissions to the Bar. The foregoing notice was duly published on page 134 of the March, 1960 issue of the Florida Bar Journal and in the March 10, 1960 issue of the Southern Reporter Advance Sheet (117 So.2d — No. 5). At such hearing there appeared before the Court all of the members of the Florida Board of Bar Examiners except Honorable Carroll Runyon, who on said date was absent on account of illness, the Executive Director of the Florida Board of Bar Examiners, Honorable Giles Patterson, a member of the Florida Bar, of Jacksonville, and Honorable J. Tom Gurney, Jr., of Orlando, Secretary of the Tax Section of the Florida Bar.
Mr. Patterson urged that bar examinations should include more than the twelve defined subjects as recommended by the *786 committee on pages 17 and 18 of its report. Mr. Gurney urged that the Board examine upon the question of state and federal taxation. The members of the Board of Bar Examiners and the Executive Director explained to the Court the method of conducting bar examinations, the grading of questions, the selection of graders and other pertinent information relating to the subject under inquiry, and answered questions of the Court with reference thereto. There were no other appearances of any member of the Florida Bar, authorized representatives thereof, or any committee of the Florida Bar for or against the approval of the recommendations of said committee.
Thereupon, upon consideration of the report and recommendations of said committee, the supporting documents made a part of said report, the transcript of the proceedings before it and the arguments made at the hearing aforesaid, it is
Ordered that, with the three exceptions hereinafter set forth, the report and recommendations of the committee, including the recommendation of the committee that the Court adopt the Code of Recommended Standards for Bar Examiners approved May 21, 1958 by the American Bar Association, the National Conference of Bar Examiners and the Association of American Law Schools, as modified in said report, are hereby in all respects approved and adopted.
It is the opinion of this Court that the period of time between the date of the examination and the announcement of the results thereof may be materially shortened and the burden now placed on the present members of the Board of Bar Examiners in evaluating the thousands of questions and answers at each examination may be considerably reduced by increasing the membership of said Board. For these reasons, it is hereby
Ordered that on and after the first day of July, 1960, the Florida Board of Bar Examiners shall consist of ten members. The -five members now constituting said Board shall continue to hold office for the terms now appointed. Their successors and the additional members hereby provided for shall continue to be selected and appointed in the manner now prescribed in Article I of the Rules of the Supreme Court of Florida relating to admissions to the Bar, effective November 1, 1955. In addition thereto, there shall be appointed by this Court in the manner hereinabove prescribed from the state at large, prior to July 1, 1960, five additional members of said Board for terms as follows: one for one year and four months, one for two years and four months, one for three years and four months, one for four years and four months and one for five years and four months from July 1, 1960. As these terms expire all appointments shall be for five years, but any vacancy occurring during any term shall be filled by appointment for the unexpired term thereof. Such members shall be members of the Florida Bar and shall possess the qualifications prescribed by the Code of Standards of Bar Examiners recommended in the report of the committee and approved in this order.
It has been made to appear to this Court that the graders selected by the Board of Bar Examiners have been from law colleges other than those located within the State of Florida. It is the view of this Court that such graders should be selected solely upon the qualification of such individuals and without regard to the law colleges from which they graduated.
This Court finds that, through the August, 1959 examination, the present Board of Bar Examiners have examined 2003 units (called units because some are repeaters). Of these units examined by said Board, consisting of graduates of law colleges from all sections of America and outstanding practitioners from any other states, the highest grade ever received by an examinee was 86.22 in the August, 1958 examination, at which 86.35% of the applicants passed. The average of the five highest grades of each of the examinations conducted by the Board from March, 1956 to August, 1959, both inclusive, was 82.53. Inasmuch as *787 every applicant examined by the Board must, under the rules of this Court, be the recipient of a degree of Bachelor of Laws or Doctor of Jurisprudence from an approved law college, or an attorney in good standing in the District of Columbia or in one of the states of the United States of America for the last ten years and a person of good moral character with an adequate knowledge of the standards and ideals of the professions and must be otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney, the Court is of the view that the .passing grade on any examination should have some direct relation to the average of the ten highest grades received at such examination. It is, therefore,
Ordered that all examination papers of applicants for the Bar shall hereafter be examined by the Board and the graders in the same manner as heretofore, that is to say, each answer shall be graded and credited with reference to a perfect standard of 100% Upon the conclusion of said examination and the compilation of the grades received by all applicants, designated by number and not by name, the Board shall add the ten highest grades received, divide the total thereof by ten and shall certify to this Court the names of the applicants who receive a grade within twenty points of such result. All such applicants shall be entitled to be admitted as having attained a passing grade.
The foregoing amendments to the rules relating to the admission of persons to the practice of law in this State shall take effect the date this order is filed in the Clerk’s office.
A revision of the rules and regulations relating to admissions to the Bar recommended in the report of the committee herein referred to, as amended by this order, shall be compiled by a committee to be designated by the Chief Justice and submitted to this Court for formal adoption and publication.
TERRELL, HOBSON, ROBERTS, DREW and O’CONNELL, JJ., concur.
THOMAS, C. J., and THORNAL J., dis.sent.